United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT ALVARADO, *et al.*,

Plaintiffs,

v.

McCLOUD BUILDERS, INC.,

Defendant.

___________________________________/

No. C-05-2171 EMC

**REPORT AND RECOMMENDATION RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

**(Docket No. 9)**

## I. REPORT

Plaintiffs Robert Alvarado, as Trustee of the Carpenters Health and Welfare Trust Fund for California, Carpenters Vacation-Holiday Trust Fund for Northern California, Carpenters Pension Trust Fund for Northern California, and Carpenters Training Trust Fund for Northern California (the "Trust Funds"); and Carpenters 46 Northern California Counties Conference Board for itself and on behalf of Northern California Carpenters Regional Council (the "Union"); and Carpenters Local Union No. 217 (collectively, "Plaintiffs") filed suit against Defendant McCloud Builders, Inc. ("Defendant") pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

After Defendant failed to respond to the Petition to Confirm Arbitration Award and Complaint, Plaintiffs requested entry of default, which was entered on September 19, 2005 (Docket No. 6). Plaintiffs have moved the Court for an order granting entry of default judgment confirming the Board of Adjustment Award and ordering an injunction compelling Defendant to submit to an

United States District Court
For the Northern District of California

audit of its books, records, papers and reports. Plaintiffs also seek, upon completion of the audit, actual damages according to proof, unpaid contributions, liquidated damages, interest, attorneys' fees and costs, and a permanent injunction requiring Defendant to submit timely reports and contributions to Plaintiff Trust Funds.

Because Defendant has not appeared in this action and has not consented to the jurisdiction of the undersigned, the Court issues this report and recommendation on the motion as it is a dispositive motion. Having considered all the papers and evidence submitted therewith, the Court hereby recommends that the motion for default judgment be GRANTED.

## II. FACTUAL & PROCEDURAL BACKGROUND

A. The Arbitration Award

Plaintiffs allege that Defendant was bound by a written collective bargaining agreement with the Union entitled Carpenters Master Agreement (the "Master Agreement"), by virtue of signing a Memorandum of Agreement with the Union ("Memorandum Agreement"). Compl., ¶ V and Exs. A (Master Agreement) and B (Memorandum Agreement). The Master Agreement incorporates the various Trust Agreements which establishes each of the Trust Funds (*id.* at ¶ VI), and requires Defendant to contribute and pay to Plaintiffs the hourly amounts required by Trust Agreements for each hour paid for or worked by any employees who performed work covered by the Agreements. *Id.*, ¶ VI and Master Agreement, §§ 40-44.

Following the applicable grievance procedure, the parties submitted to an arbitrator their grievance over a dispute as to the application or interpretation of the Master Agreement and Trust Agreements (collectively, the "Collective Bargaining Agreement"). *Id.*, ¶ XI. Arbitrator Thomas Angelo held a hearing on February 10, 2005, and issued a Decision and Award ("Arbitration Award") on February 11, 2005, awarding Plaintiffs $47,500.80 in wages due, $20,664.00 in fringe benefit contributions, and $300.00 in costs. *Id.*, ¶ XII and Ex. C (the Arbitration Award). The arbitrator also ordered Defendant to submit to an audit of its books and records. *Id.*

///

///

///

B. Petition to Confirm Arbitration Award and Complaint for Audit, Damages and Injunctive Relief

Defendant has refused to comply with the Arbitration Award. On May 26, 2005, Plaintiffs filed the Petition to Confirm Arbitration Award and Complaint for breach of contract and ERISA violations. Plaintiffs seek compliance with the Arbitration Award. Compl., ¶¶ XI-XV (First Claim for Relief). In their additional causes of action, Plaintiffs seek to audit Defendant pursuant to the Master Agreement and ERISA (Second, Third, Fifth and Sixth Claims for Relief). Plaintiffs also seek damages from Defendant's failure to make timely fringe benefit contributions (Fourth Claim for Relief).

Defendant was served with the summons and complaint on June 14, 2005. (Docket No. 3.) As Defendant did not file an answer or otherwise respond, default was entered against Defendant on September 19, 2005. (Docket No. 6.) By its default, Defendant is deemed to have admitted the well-pleaded averments of the Complaint except those as to the amount of damages. Fed. R. Civ. Proc. 8(d).

## III. DISCUSSION

A. Service of Process

In deciding whether to grant or deny a default judgment, a court must first "assess the adequacy of the service of process on the party against whom default is requested." *Board of Trustees of the N. Cal. Sheet Metal Workers v. Peters*, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001). According to Federal Rule of Civil Procedure 4(h)(1), a corporation may be served "in the manner prescribed for individuals by subdivision (e)(1)," Fed. R. Civ. P. 4(h)(1), and Rule 4(e)(1) in turn allows for service "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1).

Under California law, a summons and complaint may be served on a corporation by delivering a copy of the documents (1) to the person designated as agent for service under certain provisions of the California Corporations Code or (2) to the "president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a

general manager, or a person authorized by the corporation to receive service of process." Cal. Code Civ. P. § 416.10(a), (b).

A corporation may also be served under California law via "substitute service." That is,

> [i]n lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, . . . a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Code Civ. P. § 415.20(a).

In the instant case, Defendant was served by substitute service -- *i.e.*, by leaving a copy of the summons and complaint with Michelle McCloud, the person apparently in charge of the office of Kenneth McCloud, Defendant McCloud Builders Inc.'s agent for service, and then sending a copy of the summons and complaint to the same address by mail. Accordingly, Defendant was properly served in this case.

The fact that Defendant is a suspended corporation does not affect the propriety of service of process. California case law indicates that service of process on a suspended corporation may be effectuated under the regular service-of-process statutes. *See Grell v. Laci Lea Beau Corp.*, 73 Cal. App. 4th 1300, 1306 (1999) ("A suspended corporation may be sued, and service of process upon a suspended corporation is effected in the same manner as service upon a corporation that is not suspended."); *cf. Gibble v. Car-Lene Research, Inc.*, 67 Cal. App. 4th 295, 301-02 (1998) (holding that a domestic corporation that is suspended and has no designated agent for service of process -- but that continues to operate as an ongoing business during the suspension -- may be validly served pursuant to California Code of Civil Procedure § 416.10). Service of process was made here.

B. <u>Jurisdiction</u>

Defendant has not filed an Answer nor otherwise appeared in the action. Blanscett Decl. in Support of Entry of Default Judgment, at ¶ 2. Given Defendant's failure to appear and Plaintiffs' statement that Defendant is a suspended California corporation, *see* Request for Entry of Default,

United States District Court
For the Northern District of California

and therefore not an infant, incompetent person, nor in the military service, the entry of default judgment by the Court was proper. *See* FRCP 55 (b)(1); Servicemembers Civil Relief Act, 50 App. U.S.C. § 521.

"When a court is considering whether to enter a default judgment, it has 'an affirmative duty to look into its jurisdiction over both the subject matter and the parties.'" *Joe Hand Promotions v. Dailey*, No. C-01-4219 CRB, 2003 WL 1342998, at *1 (N.D. Cal. March 13, 2003) (citing *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999)). Although not alleged specifically in the Complaint, Plaintiff has shown that Defendant is incorporated in California, and its agent for service of process is Kenneth McCloud in Lockerford, California. *See* Proof of Service of Summons and Petition to Compel Arbitration (Docket No. 3). Defendant is located in San Carlos, California. Compl., Exs. D-1, D-2, and D-3. The Court may therefore properly exercise personal jurisdiction over Defendant. 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed a citizen of any State by which it has been incorporated"). Furthermore, taking Plaintiffs' allegations in the Complaint as true on this motion for default judgment, "a substantial part of the events and omissions giving rise to these claims occurred in this district, including, but not limited to, Defendant's agreement with Plaintiff, which requires that trust funds contributions are due and payable in the County of Alameda." Compl., ¶ I.

Plaintiffs have sufficiently shown that their claims arise under federal law, giving this Court subject matter jurisdiction under 28 U.S.C. § 1331.

C. Petition to Confirm Arbitration Award

At the hearing on Plaintiffs' grievance, the arbitrator considered documentary and testimonial evidence. *See* Arbitration Award. The arbitrator found Defendant to be in violation of the Collective Bargaining Agreement and directed Defendant to pay the following wages and fringe benefits:

| | | |
|---|---|---|
| 2nd period Apprentice:<br>a. Wages | $20.31 x 40 hours x 8 weeks | $6,499.20 |
| b. Fringe Benefits | $9.115 x 40 hours x 8 weeks | $2,916.80 |
| 3 Journeymen:<br>a. Wages | $31.25 x 40 hrs x 8 wks x 3 persons | $30,000.00 |
| b. Fringe benefits | $13.865 x 40 hrs x 8 wks x 3 persons | $13,310.40 |

| Foreman: a. Wages | $34.38 x 40 hrs x 8 wks | $11,001.60 |
|---|---|---|
| b. Fringe benefits | $13.865 x 40 hrs x 8 wks | $4,436.80 |
| Total Wages | | $47,500.80 |
| Total Fringe Benefits | | $20,664.00 |

The arbitrator ordered Defendant to pay the wages to carpenters on the Union's out-of-work list, and fringe benefits to the Carpenters Trust Funds. *See* Arbitration Award, ¶¶ 2 and 6. The arbitrator also awarded $300.00 in costs, for a total award of $68,464.80. *See* Arbitration Award, ¶ 10. The arbitrator also directed Defendant to submit to an audit, to cease and desist from improperly reporting and untimely paying Trust Fund contributions, and to correctly report and timely pay all required contributions. *Id.*, ¶¶ 3-5. The arbitrator identified the following relevant records subject to the audit: (a) contribution return and report of wages - California (Form DE-3); (b) contribution returns and report of wages - federal; (c) time cards for all employees; (d) payroll journal; (e) workers compensation reports; (f) individual earnings record; (g) Forms W-2, W-4, 1096 and 1099; (h) trust fund reports for other trades; (i) general check registers; (j) check stubs or vouchers; (k) bank statements and cancelled checks; (l) job costs records, copies of all contracts; (m) general ledger, cash receipts journal; (n) individual, corporate and/or partnership tax returns; (o) vendor's invoices; (p) records of related entities; and (q) other books and records as may be necessary to conduct appropriate testing to assume the accuracy of records that have been reviewed. *Id.*, ¶ 3.

D. Merits of Motion for Default Judgment

After entry of a default, a court may grant a default judgment on the merits of the case. *See* Fed. R. Civ. P. 55. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors that a court may consider in exercising that discretion include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Plaintiffs have not expressly addressed the *Eitel* factors in their motion for default judgment. However, the majority of the above factors weigh in favor of default judgment on the First Claim of Relief to confirm the arbitration award.

(1) If the motion for default judgment were denied, Plaintiffs would suffer prejudice because they would likely be left without a remedy. The arbitration award requires confirmation to be enforced. *See Walters v. Shaw/Guehnemann Corp.*, No. C 03-04058 WHA, 2004 U.S. Dist. LEXIS 11992, at *7 (N.D. Cal. Apr. 15, 2004) ("To deny plaintiffs' motion [for default judgment] would leave them without a remedy. Prejudice is also likely in light of the merits of their claim.").

(2) As to the merits of Plaintiffs' claims, Plaintiffs have demonstrated their First Claim for Relief to Confirm the Arbitration Award is meritorious. The Master Agreement provides that an arbitrator's decision "shall be enforceable by a petition to confirm an arbitration award filed in . . . the United States District Court for the Northern District of California." Master Agreement, § 51, ¶ 13. "An arbitrator's decision must be upheld unless it is completely irrational or it constitutes a manifest disregard for the law." *G.C. & K.B. Inv. Inc. v. Wilson*, 326 F.3d 1096, 1105 (9th Cir. 2003) (citation omitted). By agreeing to the terms of the Master Agreement, Defendant agreed to arbitration as well as the enforcement of an arbitration award in this Court. Defendant has not opposed Plaintiffs' petition to confirm the award, and has provided no basis for opposing confirmation of the Arbitration Award. On its face, the award appears entirely consistent with Master Agreement and Memorandum Agreement. It is not "completely irrational," nor does it constitute a "manifest disregard for the law." It was based on evidence and testimony received at the hearing. The Court discerns no basis for modifying or overturning the award under the Federal Arbitration Act. Moreover, the Court must accept the allegations of the Complaint as true. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir.1987) (stating that, upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages").

However, the other claims for relief seeking direct causes of action under the Collective Bargaining Agreement and ERISA are not properly joined with the claim to enforce the arbitration award. *See Ottley v. Schwartzberg*, 819 F.2d 373, 377 (2d Cir. 1987) ("an action to confirm an

arbitration award is not an appropriate vehicle for adjudication of ERISA claims for damages"). *See also The New York City District Council of Carpenters Pension Fund v. Eastern Millenium Constr.*, 2003 WL 22773355 at *1, n.1 (S.D.N.Y. Nov. 21, 2003) (confirming arbitration award but refusing to consider claims for relief under ERISA). Moreover, these claims add nothing of substance to the instant case since the arbitration award requires the Defendant to submit to an audit. Should an audit reveal additional moneys owed, this action does not prejudice Plaintiffs from prosecuting additional legal proceedings.

(3) Plaintiffs have sufficiently alleged a claim for relief to confirm the arbitration award, but not to enforce rights directly under the Master Agreement or ERISA in the instant case.

(4) The sum of money at stake here, involving $47,500.80 in wages and $20,664.00 in benefits due, is governed by the Collective Bargaining Agreement and based on actual damages. It is therefore tailored to and proportionate to Defendant's conduct. *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002) (stating that "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct").

(5) Because Defendant has not filed an answer to Plaintiffs' Complaint, there is little to suggest that there is a possibility of a dispute concerning material facts. Moreover, Defendant had a chance to oppose Plaintiffs in the arbitration. Its failure to do so suggests there is no meritorious defense.

(6) It is similarly unlikely that Defendant's default was due to excusable neglect, especially when Plaintiffs served not only the summons and complaint but also the request for entry of default and motion for default judgment on Defendant but still received no response. *See* Proofs of Service accompanying Docket Nos. 4 and 9. Furthermore, Defendant did not appear before the arbitrator, although notice was duly given of the grievance proceeding. Compl., Ex. C (Arbitration Award).

(7) The policy favoring decision on the merits weighs against default judgment no more strongly here than in other cases.

On balance, the *Eitel* factors favor entry of default judgment confirming the arbitration award. The fact that Defendant is a suspended corporation does not protect it from a default

United States District Court
For the Northern District of California

judgment. *See Grell*, 73 Cal. App. 4th at 1306 ("[A] suspended corporation is not protected against a judgment by default upon its failure to answer within the time allowed.").

E. Damages

Because default judgment is warranted, the Court must determine what damages are appropriate. Ordinarily, Plaintiffs have the burden of "proving up" their damages. *See Board of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.*, No. 04-02841 CW, 2005 WL 433462, at *2 (N.D. Cal. Feb. 24, 2005) ("Plaintiff has the burden of proving damages through testimony or written affidavit."). Here it did so in the arbitration which resulted in the award. As noted above, the standard of judicial review of that award is narrow, and there is no basis for modifying or overturning the award.

F. Attorney's Fees and Costs

The Master Agreement provides for attorneys' fees "for the filing and trial of any petition to confirm and enforce" an arbitration award. Master Agreement, § 51, ¶ 13. Plaintiffs have submitted a declaration supporting its claim for attorneys' fees in the amount of $2,800.00 and for $589.50 in costs incurred in bringing this action. *See* Blanscett Decl. in Support of Mot. Default Judgment, ¶¶ 4-7. The Court finds reasonable the billable rate of $200 per hour, and finds that fourteen (14) hours is a reasonable number of hours billed for the work performed on behalf of Plaintiffs to confirm the Arbitration Award and to seek default judgment thereon. The Court also finds allowable as costs the filing fee and service of process fees pursuant to Civil Local Rule 54-3(a).

## IV. CONCLUSION

For the foregoing reasons, the Court recommends as follows:

1) Grant Plaintiffs' motion for default judgment as to its claim to confirm the Arbitration Award requiring Defendant to pay Plaintiffs $68,464.80 ($47,500.80 in wages and $20,664.00 in fringe benefits) and to submit to an audit of its books, records, papers and reports as required by the award;

///

///

///

United States District Court
For the Northern District of California

2) Deny Plaintiffs' motion for default judgment as to all other claims for relief; and

3) Award Plaintiffs' attorneys' fees and costs in the amount of $ 3,389.50.

Dated: March 21, 2006

EDWARD M. CHEN
United States Magistrate Judge